```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
BRANDI SIMMONS,                                             :
                                                            :
                                    Plaintiff,              :
                                                            :              15-CV-2894 (VSB)
                    - v -                                   :
                                                            :              **MEMORANDUM AND OPINION**
CITY OF NEW YORK, et al.,                                   :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

Appearances:

Brandi Simmons
East Elmhurst, New York
*Plaintiff Pro Se*

Caleb Charles Hagopian
New York City Law Department
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Brandi Simmons brings this action *pro se* alleging claims under 42 U.S.C. § 1983 premised on hazardous health conditions at the Anna M. Kross Center ("AMKC") on the Rikers Island complex, the correctional facility where he was incarcerated, against Defendants the City of New York, Tony Durante, warden of the correctional facility, and Joseph Ponte, New York City Department of Correction Commissioner (collectively, "Defendants"). Before me is Defendants' motion to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 20.)[1] Because I find that Plaintiff failed to exhaust his administrative remedies,

---

[1] Although Defendants bring their motion under Rule 12(b)(6), Defendants have filed an answer, and therefore more appropriately move under Rule 12(c). (*See* Doc. 12.) Therefore, I construe Defendants' motion as a motion for judgment on the pleadings under Rule 12(c). In any event, construing Defendants' motion as one under Rule 12(c)

Defendants' motion to dismiss is granted.

I. **Background**[2]

At least as of March 2015, Plaintiff was incarcerated at AMKC. (Am. Compl. 2.)[3] Plaintiff resided in dormitory 4 in the upper area of AMKC, the location in which the events giving rise to his claim occurred. (*Id.*) Specifically, Plaintiff alleges that from approximately March 12, 2015 and March 15, 2015 "to and until [Beyond]," he and other inmates at AMKC were forced to inhale the fumes of peeling paint and asbestos, which were hazardous to their health. (*Id.*) Plaintiff filed a grievance on March 19, 2015 that was not directly answered. (*Id.* at 2–3.) However, on April 13, 2015, a Captain inspected the dormitory together with health environment inspectors. (*Id.* at 3.) On April 22, 2015, independent contractors came into the dormitory to test for asbestos, and the area tested positive for asbestos. (*Id.*) Despite this positive test, Plaintiff and his fellow inmates were not relocated. (*Id.*) The warden was again notified, and although another Captain inspected the dormitory, Plaintiff was never moved. (*Id.*)

Plaintiff also contends that Rikers Island "is built on a landfill of garbage which has corroded and now omits a bio-degradable cancerous odor that puts this Plaintiff at risk of catching cancer over the years in which it will take the court system to take this Plaintiff to trial." (*Id.*) In addition to peeling paint, Plaintiff complains that the dormitory had non-working urinals and toilets, constantly running sinks that were liable to overflow, and non-functional windows.

---

is in harmony with Defendants' intent, since Defendants specifically requested "leave to file a motion to dismiss the Amended Complaint pursuant to Rule 12(c)." (Doc. 16.)

[2] I assume Plaintiff's allegations contained in the amended complaint to be true for purposes of this motion. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002). However, my references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[3] "Am. Compl." refers to the amended complaint, filed on June 9, 2015 (the "Amended Complaint"). (Doc. 6.) The page numbers given to the Amended Complaint are not consecutively numbered, so any references to the page numbers in the Amended Complaint shall be to those given by the ECF filing system.

(*Id.*) Plaintiff claims that as a result of his inhalation of the hazardous fumes, it "is scientifically proven" that such inhalation "can, does, and will cause mesothelioma, and cancer." (*Id.*)

Finally, under the section of his Amended Complaint with the heading "Exhaustion of Administrative Remedies," Plaintiff only asserts that his claims did arise while he was confined in a correctional facility. (*Id.*) However, the Amended Complaint, which uses pages from the Amended Civil Rights Complaint form, skips pages four and five of that form—pages that contained questions that required responses that would have provided details concerning what steps, if any, Plaintiff took to exhaust his administrative remedies. (*See id.* at 3–4.)[4]

## II. **Procedural History**

Plaintiff commenced this action by filing his complaint on April 7, 2015. (Doc. 2.) In Plaintiff's original complaint he stated that he "filed a grieviance [sic], but did not wait for a response because [he] knew it would be a NON-GRIEVABLE action." (*Id*. at 2.) On May 13, 2015, Chief Judge Loretta Preska, to whom this case was originally assigned, issued an order instructing Plaintiff to submit an amended complaint within sixty days. (Doc. 5, at 7.) In her order, Chief Judge Preska pointed out the deficiencies in the complaint and outlined what Plaintiff would have to allege to plead satisfactorily his Section 1983 claim. (*Id.* at 5–6.) Specifically, with regard to the deficiencies, Chief Judge Preska stated:

> Plaintiff does not clearly allege what he personally experienced. For example, he does not allege the basis for his knowledge about the presence of asbestos and he does not provide such facts as exactly where within A.M.K.C. he experienced the poor conditions, how long he has been exposed to the conditions, the dates of exposure, whether he has had any specific health issues and how he knows that any health issues are connected to the alleged conditions. Outside of filing his grievance, Plaintiff does not explain whether he reported the conditions to any other corrections personnel and what response, if any, the reports elicited. Finally, Plaintiff does not clearly allege facts showing that the conditions posed a substantial

---

[4] Notably, the Amended Civil Rights Complaint Form attached by Judge Preska in her May 13, 2015 Order contained all of the relevant pages, which included all questions related to exhaustion of administrative remedies. (*See* Doc. 5.)

> risk of serious harm or that any individual was deliberately indifferent to the risk of serious harm to Plaintiff's health or safety. The complaint therefore cannot proceed in its current form.

(*Id.* at 4.) On June 9, 2015, Plaintiff filed the Amended Complaint, (Doc. 6), and on June 17, 2015, the case was reassigned to me. On June 23, 2015, I entered an Order dismissing Defendants Bill De Blasio and New York City Corporation Counsel. (Doc. 9.) On October 20, 2015, Defendants filed their Answer. (Doc. 12.) On February 1, 2016, I granted Defendants' request for leave to file a motion to dismiss under Federal Rule of Civil Procedure 12(c) and set a briefing schedule. (Doc. 19.) In accordance with that briefing schedule, on March 4, 2016, Defendants filed their motion to dismiss. (Docs. 20–21.) After Plaintiff did not file his opposition by April 15, 2016, I entered an Order on June 10, 2016, instructing Plaintiff to file an opposition on or before July 22, 2016, and informing Plaintiff that if no opposition is filed, I would consider the motion fully briefed and render a decision without the aid of his response (the "June Order"). (Doc. 23.) Plaintiff did not submit any opposition to Defendants' motion to dismiss.

On January 17, 2017, I issued another Order noting that Plaintiff may not have received a copy of the June Order and bringing to light that, irrespective of Plaintiff's failure to file a notice of change of address, Plaintiff had been relocated from the AMKC to the George R. Vierno Center on Rikers Island (the "January Order"). (Doc. 25.) For these reasons, I granted Plaintiff another opportunity to file an opposition to Defendants' motion on or before February 13, 2017, and noted that if no opposition was filed, I would consider the motion fully briefed and render a decision without the aid of Plaintiff's response. (*Id.*)

In lieu of filing an opposition, Plaintiff, on January 31, 2017, filed a letter requesting that I appoint counsel to assist him in responding to the motion to dismiss. (Doc. 26.) I issued an

4

Order on February 2, 2017 denying Plaintiff's request and again extending the time for Plaintiff to respond to the motion to dismiss until March 3, 2017. (Doc. 27.) To date, and although Plaintiff continues to pay the *pro se* fees associated with this litigation, (*see* Dkt. Entry Feb. 22, 2017), Plaintiff has not filed an opposition.

### III. Legal Standards

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings" under Federal Rule of Civil Procedure 12(c). Fed. R. Civ. P. 12(c). The standard applicable to motions under Rule 12(c) is the same as the standard applied to motions to dismiss pursuant to Rule 12(b)(6). *Alcantara v. Bakery & Confectionery Union & Indus. Int'l Pension Fund Pension Plan*, 751 F.3d 71, 75 (2d Cir. 2014). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion under Rule 12(b)(6) or Rule 12(c), a court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam); *accord Kassner v. 2nd*

*Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (internal quotation marks omitted). Further, pleadings of a *pro se* party should be read "to raise the strongest arguments that they suggest." *Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (internal quotation marks omitted). Nevertheless, dismissal of a *pro se* complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, the "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

## IV. Discussion

Defendants move to dismiss the Amended Complaint on the following grounds: (1) failure to exhaust administrative remedies and failure to allege a physical injury as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e (the "PLRA"); (2) failure to state a claim for municipal liability; (3) failure to state the personal involvement of Commissioner Ponte and Warden Durante; and (4) failure to state a cognizable constitutional claim that is facially

plausible. (*See* Defs.' Mem. 1.)[5] Because I find that Plaintiff failed to exhaust his administrative remedies warranting the dismissal of the Amended Complaint, I do not address the other bases for dismissal raised by Defendants' motion.[6]

The PLRA precludes a confined individual from bringing any action with respect to prison conditions under Section 1983 or any other Federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A court must carefully examine the applicable grievance procedures available at a plaintiff's correctional facility during the time that the facts constituting the basis for the complaint arose to determine whether administrative remedies were available. *See Taylor v. N.Y. State Dep't of Corr.*, No. 03 Civ. 1929(PKC), 2004 WL 2979910, at *6 (S.D.N.Y. Dec. 22, 2004) (citing *Abney v. McGinnis*, 380 F.3d 663, 668 (2d Cir. 2004)). Here, Defendants refer to the New York City Department of Correction's ("DOC") Inmate Grievance and Request Program (the "IGRP") as the applicable set of procedures. (*See* Defs.' Mem. 4–5.) "The PLRA 'requires proper exhaustion, which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Groenow v. Williams*, No. 13 Civ. 3961 (PAC)(JLC), 2014 WL 941276, at *2 (S.D.N.Y. Mar. 11, 2014) (quoting *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009)).

Although prisoners "are not required to specially plead or demonstrate exhaustion in their

---

[5] "Defs.' Mem." refers to Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint. (Doc. 21.)

[6] However, I note that the Amended Complaint does not contain any allegations concerning an official policy or custom necessary to support a claim for municipal liability, *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (the three elements for municipal liability under section 1983 include: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." (internal quotation marks omitted)), nor does it contain allegations that Commissioner Ponte took any actions related to Plaintiff's claims to support the assertion of a section 1983 claim against him, *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir.1991))). These deficiencies also support the dismissal of the Amended Complaint as to the City of New York and Commissioner Ponte.

complaints," *Jones v. Bock*, 549 U.S. 199, 216 (2007), and although many district courts will not assume that a prisoner has failed to exhaust his administrative remedies when that prisoner indicates he has taken certain steps but is silent as to the remaining steps, *see Groenow*, 2014 WL 941276, at *3 (citing case law), dismissal is appropriate where failure to exhaust is clear on the face of the complaint, *see id.* at *4; *see also Loccenitt v. City of N.Y.*, No. 11 Civ. 5651 (PAC)(HBP), 2012 WL 3822701, at *3 (S.D.N.Y. July 30, 2012), *report and recommendation adopted,* No. 11 Civ. 5651 (PAC)(HBP), 2012 WL 3822213 (S.D.N.Y. Sept. 4, 2012).

Here, although Chief Judge Preska provided Plaintiff with the proper form including questions the answers to which would have cast significant light on Plaintiff's adherence to the grievance process, (*see* Doc. 5), Plaintiff did not provide any information with respect to his exhaustion of the administrative remedies except to state that his claim did arise while he was incarcerated and that he filed a grievance on March 19, 2015, (Am. Compl. 2–3), less than two weeks before he submitted his initial complaint, (*see* Doc. 2, at 5). However, in the initial complaint, Plaintiff stated that he "filed a grieviance [sic], but did not wait for a response because [he] knew it would be a NON-GRIEVABLE action." (*Id.* at 2.) Plaintiff also claimed that the grievance was "STILL PENDING." (*Id.*) Plaintiff explicitly conceded that while he initiated a grievance, he did not wait for a response or otherwise follow the IGRP procedure before filing his complaint because he assumed the offense would not be grievable, and there are no allegations in the Amended Complaint that contradict these statements. (*Id.*; *see generally* Doc. 6.) Under these circumstances, I find that Plaintiff failed to exhaust his administrative remedies at the time he filed his complaint.

## V. Conclusion

For the foregoing reasons, Defendants' motion for judgment on the pleadings is GRANTED. The Clerk's Office is respectfully directed to mail a copy of this Memorandum and Opinion to the *pro se* Plaintiff, terminate the open motion at Document 20, and close this case.

SO ORDERED.

Dated: November 28, 2017
      New York, New York

Vernon S. Broderick
United States District Judge

9